# EXHIBIT A

**CIVILLE & TANG, PLLC**
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868
FACSIMILE: (671) 477-2511

*Attorneys for Plaintiff*
*Gail Cassidy*

FILED
SUPERIOR COURT
OF GUAM
2020 FEB 12 PM 3:58
CLERK OF COURT
By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GAIL CASSIDY,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC., THE BOEING COMPANY, and PRATT & WHITNEY,<br><br>Defendant. | Civil Case No. CV0133-20<br><br>**COMPLAINT; DEMAND FOR JURY TRIAL** |

Plaintiff Gail Cassidy by and through her attorneys, Civille & Tang, PLLC, for her Complaint against Defendants United Airlines, Inc., The Boeing Company, and Pratt & Whitney, jointly and severally, alleges as follows:

### I. INTRODUCTION

1. On February 13, 2018, Plaintiff was a fare-paying passenger aboard United Airlines Flight 1175 from San Francisco to Honolulu when, less than an hour before the 23 year old plane was set to land, at an altitude of approximately 32,700 feet over the Pacific Ocean, the aircraft's right engine suddenly exploded in a catastrophic engine failure, propelling metal fragments at high velocity against the wing and fuselage, which resulted in the aircraft experiencing what felt like hitting a brick wall at 500 miles an hour, and a severe roll that required significant aerobatic airmanship skills from the flight crew in order to avoid a total loss of the aircraft. Abruptly, Ms. Cassidy was thrown about the cabin and sustained serious injuries, and the other passengers including Plaintiff, as well as members of the flight crew, were

confronted with their greatest fear: the overwhelming horror of being trapped in a plane about to crash into the ocean hundreds of miles away from help.

## II.  PARTIES

2.  Plaintiff Gail Cassidy ("Plaintiff") is a citizen and resident of Verdi, California and Yona, Guam, and was a passenger on United Airlines Flight 1175. Ms. Cassidy was booked to come straight to Guam on United Airlines Flight 201.

3.  Defendant United Airlines, Inc. ("United") is, and was at all relevant times, a corporation incorporated under the laws of the State of Delaware; it operates as a common carrier airline with its principal place of business at the Willis Tower, 233 South Wacker Drive, Chicago, Illinois 60606; it is authorized to do business, and does business, in the Territory of Guam, with an address of 523 Chalan Pasaheru B224-A, Tamuning, Guam 96913.

4.  Defendant The Boeing Company ("Boeing") is, and was at all relevant times, a corporation incorporated under the laws of the State of Delaware; it operates as a manufacturer of aircraft for commercial air travel, with its principal executive offices at 100 North Riverside, Chicago, Illinois 60606; it does business in the Territory of Guam.

5.  Defendant Pratt & Whitney ("P&W"), upon information and belief, is, and was at all relevant times, a corporation incorporated under the laws of the State of Connecticut; it operates as a manufacturer of engines for use on aircraft for commercial air travel, with its principal executive offices at 400 Main Street East Hartford, Connecticut 06118; it does business in the Territory of Guam.

## III.  JURISDICTION AND VENUE

6.  As set forth in the factual allegations that follow herein, the events leading to the engine failure that caused the injuries to the passengers, including Plaintiff, occurred in San Francisco

prior to departure of United Flight 1175. That was the last opportunity for Defendant United to inspect, detect, and correct the problem of a fractured fan blade that was about to cause a catastrophic engine failure, or in the alternative to remove the aircraft from service. Once the United Flight 1175 took off, the incident was inexorable. Jurisdiction for this lawsuit is properly in Guam where the Plaintiff has chosen to bring her case. Many Guam residents returning home were aboard this Flight 1175.

7. This Court properly has jurisdiction of the subject matter of the litigation pursuant to 7 G.C.A. §§3101 and 4104.

8. This Court properly exercises jurisdiction over the Defendants pursuant to 7 G.C.A. §14109.

## IV. FACTUAL ALLEGATIONS

9. On February 13, 2018, United Flight 1175 took off from San Francisco International Airport (KSFO) bound for Daniel K. Inoyue International Airport (KHNL), Honolulu, Hawaii, with the ultimate intended destination of United Airlines Flight 1175 ("Flight 1175").

10. On February 13, 2018, about 12:00 PM HST, as the aircraft descended through 32,700 feet, the passengers and crew heard a loud explosion. The people on board experienced, in the words of United Airlines Captain and pilot in command of flight 1175 Christopher Behnam, what felt like "hit[ting] a brick wall at 500 miles an hour" as "the right engine exploded."[1]

11. The right engine of the aircraft sustained a catastrophic failure, where the engine self-destructed in an uncontained event, and projected metal fragments at high velocity against rest of the aircraft.

---

[1] Captain Behnman's interview account is available at https://www.khon2.com/news/united-pilot-recalls-averting-airline-disaster/

3 | Page

12. The automatic pilot and automatic throttle controls were disconnected by the explosion, and the plane began to roll and shake so violently that the flight crew could not see the engine instruments.

13. The vibrations were so deafening that the flight crew was unable to communicate without shouting at the top of their lungs.

14. Flight 1175's roll was so sudden and severe that Captain Behnham needed to summon his aerobatic flying skills to prevent the catastrophic loss of the aircraft as it began to roll over. He was able to arrest the roll.

15. The passengers experienced the Aircraft begin to violently fall and roll as oxygen masks deployed throughout the aircraft.

16. Debris flew throughout the cabin, there was the smell of something burning, and passengers experienced extreme pain in their ears.

17. Ms. Cassidy was thrown from her seat against the hardened walls of her seat, and suffered significant physical injuries.

18. During the excruciating moments following the explosion, the Plaintiff also endured the horrific fear of a plane crash—suddenly and unexpectedly, they were facing death. Ms. Cassidy attempted to call her son to tell him she was not going to see him again, but there was no answer. She would die alone.

19. Eventually, with only one engine remaining, the pilot was able to bring the Aircraft under control and make an emergency landing at Daniel K. Inouye International Airport in Honolulu, Hawaii.

20. Captain Behnam feared that the aircraft was going to fall apart, or, if going too slow, would stall and plunge into the ocean. Captain Behnam, a seasoned Line Check Airman for

United Airlines for twenty years, and a pilot for the Airline for 33 years, has amassed more than 29,000 hours in the cockpit. Captain Behnam admitted that there were points of the flight where he thought they would not make it, but ultimately he "made one decision that morning that today is not the day for us to die. I had not said goodbyes to my family, kids."

21. The catastrophic engine failure and subsequent violent movements of the aircraft caused egregious damage to other passengers, including Plaintiff.

22. According to the Cockpit Voice Recorder Factual Report, flight attendants were first briefed about the situation 29 minutes and 23 seconds after the initial explosion and aircraft roll. This meant that neither the cabin crew, nor the passengers were provided with information about the condition of the aircraft or its continued airworthiness for an excruciatingly long period of time.

23. Following the initial explosion and roll, Flight 1175's cabin crew urged passengers to prepare for ditching into the Pacific Ocean, creating a sense of despair and death-threatening because, as Captain Behnam acknowledged about the incident, "You hit the water at 200 miles an hour there's gonna be a very bad outcome."

24. Following Flight 1175's arrival in Honolulu, passengers, including the Plaintiff, were moved along to their connecting flights without any inquiry or assistance from United Airlines personnel or agents about their physical or psychological well-being. No information was provided to the passengers by any Defendant about the incident, and United Airlines ground personnel made no effort to ascertain if passengers were injured or needed assistance.

25. As a direct result of the frightful, death-threatening Flight 1175 incident, Plaintiff suffered severe mental, emotional, and psychological injuries, including post-traumatic stress disorder, and physical injuries.

26. At all relevant times, Defendant United Airlines was a common carrier engaged in the business of transporting paying passengers by air.

27. At all relevant times, Defendant Boeing was an aircraft manufacturer engaged in the business of manufacturing and selling aircraft to be used for transporting paying passengers by air.

28. At all relevant times, Defendant P&W was engaged in the design, development, manufacture and sale of aircraft engines to be installed on aircraft used for transporting paying passengers by air.

29. Flight 1175 aircraft was a Boeing 777 with the registration N773UA (the "Aircraft"), manufactured by Defendant Boeing and sold to Defendant United and delivered on September 29, 1995.

30. The Aircraft was powered by PW4077 engines which were manufactured by Defendant P&W; the engines, including the engine that failed (the "Engine") was sold to Boeing; and Boeing installed the Engine on the Aircraft that it sold to Defendant United.

### FIRST CAUSE OF ACTION

### NEGLIGENCE AGAINST DEFENDANT UNITED

31. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

32. As a common carrier airline transporting passengers for a fee, Defendant United had a duty to provide the highest degree of care for its passengers, whose very lives were at risk.

33. Defendant United had a duty to reasonably monitor, inspect, test, service, maintain and repair the Aircraft and the Engine to keep its aircraft reasonably safe for its passengers, or to remove from service aircraft that were not reasonably safe.

34. Defendant United negligently failed in its duty to provide the highest degree of care for its passengers whose lives were at risk; and further failed in its duty to provide even a reasonable degree of care for its passengers.

35. Defendant United negligently failed to reasonably monitor, inspect, test, service, maintain and repair the Aircraft and the Engine to keep its aircraft reasonably safe for its passengers, and to remove from service aircraft that were not reasonably safe.

36. Defendant United Airlines' negligence was the direct and proximate cause of the engine failure and the resulting injuries and damages suffered by Plaintiff.

37. As a direct and proximate result of the negligence of Defendant United, Plaintiff suffered, and will continue to suffer physical ailments. Furthermore, she continues to suffer severe mental, emotional and psychological injuries, including post-traumatic stress disorder, and physical injuries and resulting expenses, losses and damages, the amount of which is undetermined at this time.

38. By reason of the foregoing, Defendant United is liable to Plaintiff for compensatory damages in a sum to be determined at trial but in no event less than $100,000.00.

## SECOND CAUSE OF ACTION

## BREACH OF CONTRACT (INCLUDING EXPRESS AND IMPLIED WARRANTIES)

39. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

40. As a common carrier airline transporting passengers for a fee, Defendant United contracted with its passengers, including Plaintiff, to provide air transportation with aircraft that are reasonably safe for its passengers.

41. Pursuant to its contractual obligations, including express and implied warranties, Defendant United had a duty to reasonably monitor, inspect, test, service, maintain and repair the

Aircraft and the Engine to keep its aircraft reasonably safe for its passengers, and to remove from service aircraft that were not reasonably safe.

42. Defendant United failed to perform pursuant to its contractual obligations, including express and implied warranties, to reasonably monitor, inspect, test, service, maintain and repair the Aircraft and the Engine to keep its aircraft reasonably safe for its passengers, and to remove from service aircraft that were not reasonably safe.

43. As a result of Defendant United Airlines' breach of contract, including express and implied warranties, Plaintiff suffered, and will continue to suffer physical ailments. Furthermore, Plaintiff suffered, and will continue to suffer, severe mental, emotional and psychological injuries, including post-traumatic stress disorder, and physical injuries and resulting expenses, losses and damages, the amount of which is undetermined at this time.

44. By reason of the foregoing, Defendant United is liable to Plaintiff for compensatory damages in a sum to be determined at trial but in no event less than $100,000.00.

## THIRD CAUSE OF ACTION

### NEGLIGENCE AGAINST DEFENDANT BOEING

45. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

46. Defendant Boeing, in its business of designing, developing, manufacturing and selling aircraft, including the component engines, had a duty to assure that its aircraft were reasonably safe for the passengers flying therein, whose safety and lives are at risk; including the duty to provide warnings and safety instructions for monitoring, inspecting, testing, servicing, maintaining and repairing the aircraft, including component engines.

47. Defendant Boeing negligently failed to assure that the Aircraft and the component Engine sold to Defendant United Airlines was reasonably safe; and Defendant Boeing failed to provide

8 | Page

Case 1:20-cv-00020 Document 1-1 Filed 06/01/20 Page 9 of 16

adequate warnings and safety instructions for monitoring, inspecting, testing, servicing, maintaining and repairing the Aircraft and the Engine for passenger safety.

48. Defendant Boeing's negligence was the direct and proximate cause of the engine failure and the resulting injuries and damages suffered by Plaintiff.

49. As a direct and proximate result of the negligence of Defendant Boeing, Plaintiff suffered, and will continue to suffer physical ailments. Furthermore, Plaintiff suffered, and will continue to suffer, severe mental, emotional and psychological injuries, including post-traumatic stress disorder, and physical injuries and resulting expenses, losses and damages, the amount of which is undetermined at this time.

50. By reason of the foregoing, Defendant Boeing is liable to Plaintiff for compensatory damages in a sum to be determined at trial but in no event less than $100,000.00.

## FOURTH CAUSE OF ACTION

## STRICT PRODUCT LIABILITY AGAINST DEFENDANT BOEING

51. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

52. Defendant Boeing, in its business of designing, developing, manufacturing and selling aircraft, including the component engines, had a duty to assure that its aircraft were not defective and unreasonably dangerous for the passengers flying therein, whose safety and lives are at risk.

53. Defendant Boeing had the duty to provide adequate warnings and safety instructions for its customer, Defendant United, to monitor, inspect, test, service, maintain and repair the Aircraft and component the Engine.

54. The Aircraft and the component Engine sold by Defendant Boeing to Defendant United was defective and unreasonably dangerous in its design and manufacture, and was defective and unreasonably dangerous with regard to the inadequacy of warnings and safety instructions for

9 | Page

Case 1:20-cv-00020 Document 1-1 Filed 06/01/20 Page 10 of 16

monitoring, inspecting, testing, servicing, maintaining and repairing the Aircraft and Engine for passenger safety.

55. The defective and unreasonably dangerous Aircraft, including the Engine and the inadequate warnings and safety instructions, from Defendant Boeing was the direct and proximate cause of the engine failure and the resulting injuries suffered by Plaintiffs.

56. As a direct and proximate result of the foregoing, Plaintiff suffered, and will continue to suffer physical ailments. Furthermore, Plaintiff suffered, and will continue to suffer, severe mental, emotional and psychological injuries, including post-traumatic stress disorder, and physical injuries and resulting expenses, losses and damages, the amount of which is undetermined at this time.

57. By reason of the foregoing, Defendant Boeing is liable to Plaintiff for compensatory damages in a sum to be determined at trial but in no event less than $100,000.00.

## FIFTH CAUSE OF ACTION

## NEGLIGENCE AGAINST DEFENDANT P&W

58. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

59. Defendant P&W, in their business of designing, developing, manufacturing and selling engines for aircraft, had a duty to assure that their engines were reasonably safe for the passengers flying in aircraft powered by their engines, and whose safety and lives are at risk; including the duty to provide warnings and safety instructions for monitoring, inspecting, testing, servicing, maintaining and repairing the engines.

60. Defendant P&W negligently failed to assure that the Engine sold to Defendant Boeing and installed on the Aircraft Boeing sold to United was reasonably safe; and it negligently failed

to provide adequate warnings and safety instructions for monitoring inspecting, testing, servicing, maintaining and repairing the Engine for passenger safety.

61. Defendant P&W's negligence was the direct and proximate cause of the engine failure and the resulting injuries and damages suffered by Plaintiff.

62. As a direct and proximate result of the negligence of Defendant P&W, Plaintiff suffered, and will continue to suffer physical ailments. Furthermore, Plaintiff suffered, and will continue to suffer, severe mental, emotional and psychological injuries, including post-traumatic stress disorder, and physical injuries and resulting expenses, losses and damages, the amount of which is undetermined at this time.

63. By reason of the foregoing, Defendant P&W is liable to Plaintiff for compensatory damages in a sum to be determined at trial but in no event less than $100,000.00.

## SIXTH CAUSE OF ACTION

## STRICT PRODUCT LIABILITY AGAINST DEFENDANT P&W

64. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

65. Defendant P&W, in their business of designing, developing manufacturing and selling engines for aircraft, had a duty to assure that its engines were not defective and unreasonably dangerous for the passengers flying in aircraft powered by their engines, whose safety and lives are at risk.

66. The Engine sold by Defendant P&W to Defendant Boeing and installed on the aircraft sold by Defendant Boeing to Defendant United was defective and unreasonably dangerous in design and manufacture, and was defective and unreasonably dangerous with regard to the inadequacy of warnings and safety instructions for monitoring, inspecting, testing, servicing, maintaining and repairing the Engine for passenger safety.

11 | Page

Case 1:20-cv-00020 Document 1-1 Filed 06/01/20 Page 12 of 16

67. The defective and unreasonably dangerous Engine and the inadequate warnings and safety instructions, from Defendant P&W, was the direct and proximate cause of the engine failure and the resulting injuries suffered by Plaintiffs.

68. As a direct and proximate result of the foregoing, Plaintiff suffered, and will continue to suffer physical ailments. Furthermore, Plaintiff suffered, and will continue to suffer, severe mental, emotional and psychological injuries, including post-traumatic stress disorder, and physical injuries and resulting expenses, losses and damages, the amount of which is undetermined at this time.

69. By reason of the foregoing, Defendant Boeing is liable to Plaintiff for compensatory damages in a sum to be determined at trial but in no event less than $100,000.00.

## SEVENTH CAUSE OF ACTION

## PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

70. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

71. All Defendants were aware of the safety concerns with uncontained catastrophic engine failures on Boeing Aircraft and the imperative need for adequate monitoring, inspection, testing, service, maintenance and repair.

72. Specifically, in August 2016, Southwest Airlines experienced an uncontained engine failure of the same type on a Boeing aircraft (Boeing 737-700). Similarly, in April 2017, another Boeing aircraft, Southwest Airlines flight 1380, experienced another catastrophic engine failure that resulted in the death of a passenger.

73. The problem of uncontained catastrophic engine failures continue to be unaddressed by the Defendants. In May, 2019, a Boeing aircraft operated by Venezolana Airlines experienced and uncontained engine failure that forced the aircraft to immediately land. In October 2019, a

12 | P a g e

Case 1:20-cv-00020 Document 1-1 Filed 06/01/20 Page 13 of 16

Boeing 777 operated by Thai Airways experienced another uncontained engine failure. During that month, another Boeing aircraft, one operated by Ethiopian Airlines, experienced an uncontained engine failure.

74. Upon information and belief, all Defendants were aware of the prior engine failures, and the dangerous propensity for such catastrophic engine failure, the propensity for Boeing aircraft to fail to contain such a failure within the engine, and the serious, potentially fatal, consequences resulting therefrom.

75. Upon information and belief, Defendant P&W and Boeing only made a meager effort to address the danger by issuing a technical bulletin urging its customers, including Defendant United, to conduct more frequent ultrasonic inspections of the engine fan.

76. Upon information and belief, the Defendant P&W did nothing more to address the known danger inherent in the subject engines for the protection of passengers on aircraft that were powered by the subject engines.

77. Upon information and belief, Defendant Boeing did nothing to address the known danger inherent in the subject engines for the protection of passengers on aircraft it manufactured and sold that were powered by the subject engines.

78. Upon information and belief, Defendant United did nothing to address the known danger inherent in the subject engines for the protection of passengers on its flights with aircraft that were powered by the subject engines.

79. Upon information and belief, Defendant United failed to conduct recommended ultrasonic inspections of the engine fan as the growing concern over uncontained engine failures called for.

80. Defendant United's failure and refusal to take any action to address the known danger inherent in the engines on Boeing aircraft, constituted willful or wanton negligence, and/or recklessness, and/or manifested a conscious disregard of the safety of its passengers, and/or conduct so reckless as to amount to such disregard.

81. Defendant Boeing's failure and refusal to take any action to address the known danger inherent in the subject engines for the safety of passengers on the aircraft it sold with the subject engines constituted willful or wanton negligence, and/or recklessness, and/or manifested a conscious disregard of the safety of its passengers, and/or conduct so reckless as to amount to such disregard.

82. Defendant P&W's failure and refusal to take any action to address the known danger inherent in the subject engines for the safety of passengers on aircraft powered by the subject engines it sold, constituted willful or wanton negligence, and/or recklessness, and/or manifested a conscious disregard of the safety of its passengers, and/or conduct so reckless as to amount to such disregard.

83. Defendant United's willful, wanton and/or reckless conduct was the direct and proximate cause of the engine failure and the resulting injuries and damages suffered by Plaintiffs.

84. By reason of the foregoing, Defendant United is liable to Plaintiffs for punitive damages in a sum to be determined by a jury at trial but in no event less than $1,000,000.00.

85. Defendant Boeing's willful, wanton and/or reckless conduct was the direct and proximate cause of the engine failure and the resulting injuries and damages suffered by Plaintiffs.

86. By reason of the foregoing, Defendant Boeing is liable to Plaintiffs for punitive damages in a sum to be determined by a jury at trial but in no event less than $1,000,000.00.

87. Defendant P&W's willful, wanton and/or reckless conduct was the direct and proximate cause of the engine failure and the resulting injuries and damages suffered by Plaintiff.

88. By reason of the foregoing, Defendant P&W is liable to Plaintiff for punitive damages in a sum to be determined by a jury at trial but in no event less than $1,000,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. For compensatory or general damages in an amount according to proof;

2. For special and economic damages, including past and future expenses, according to proof;

3. For punitive damages;

4. For costs of suit incurred herein;

5. For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of 12.

*Dated* this 12th day of February, 2020.

CIVILLE & TANG, PLLC

By: _____
JOSHUA D. WALSH
JOSEPH C. RAZZANO
*Attorneys for Plaintiff*